It is not disputed that the proposed undertaking establishment was to be located in a high-class residential district, and the property was formerly used for residence purposes. Jones testified that he intended to make improvements to allevitae the discomfort of residents in the neighborhood. In dissolving the injunction against the maintenance of the undertaking business and dismissing the petition, the Court of Appeals held:

1. The maintenance of an undertaking establishment in a residential district is not a nuisance per se. This conclusion was reached by the Supreme Court both from the finding of facts, as well as the evidence, in Koembler v. Pennwell, 75 OS. 278. See also 99 OS. 406.

2. The proposed alterations to alleviate the discomfort of neighbors are hereby made an obligation on Jones and may be included in the journal entry.

Attorneys—Bennett, Westfall & Bennett, Williams, Sinks & Williams and O. H. Mosier, all of Columbus, for Mosier et al; C. J. Pretzmann, Columbus, Vorys, Sater & Pease, Columbus, Baker, Hostettler & Sidlo, Cleveland, Burkhardt, Heald & Pickrel, Dayton, and Dinsmore, Shohl & Sawyer, Cincinnati, for Jones.

---

No. 740

AMOROSO v. ANGELO

Ohio Appeals, Franklin County
No. 1065. Sept. 20, 1923

This opinion has not been published except in Abstract.

299A. PRACTICE.

Bill of Exceptions—Dismmissed because not filed till 43 days after bill of exceptions filed—40 days statute is mandatory—Petition in error filed 67 days after overruling motion for new trial—Available to review other assignments of error—Court may extend rule time for filing brief.

BY THE COURT.

Epitomized Opinion

Motion by plaintiff to strike the bill of exceptions from the files and to dismiss the petition in error on the ground that they were not filed in time. The bill of exceptions was filed 43 days after the overruling of the motion for a new trial. The statutory requirement that the bill of exceptions shall be filed within 40 days is mandatory. The court has no discretion to extend the time. The bill of exceptions will therefore be dismissed.

The petition in error was filed 67 days after the overruling of the motion for new trial. This being within the 70 days allowed by the statutue the petition in error will remain on file and will be available to review such assignments of error as may be shown by the record exclusive of the bill of exceptions.

Plaintiff also moved to dismiss the action for failure to file a brief within the period of the rules of practice. The court has discretion to extend this

period. Here the delay did not interfere with the prompt hearing and disposal of the case.

Motion to file the bill of exceptions from the files sustained. Motion to strike the petition in error and briefs from the files and to dismiss the proceedings overruled.

Attorneys—Powell & Powell, for plaintiff in error; Dana F. Reynolds, for defendant in error.

---

No. 741

EMPIRE TRUST CO v. WALBURG

Ohio Appeals, First District
No. 206. Juune 18, 1923

313. RECEIVERS.

Duty of to pay debts according to their priority—Remedy against for failure to perform duties is by motion to remove.

CUSHING, J.

Epitomized Opinion

Walburg was surety for the Miami Co. promissory notes to the Empire Trust Co. in the sum of $110,000. He filed this action under the statute against the Miami Co. to conserve the assets and pay the indebtedness. A receiver was appointed. Shortly afterward the Empire Trust Co. recovered judgment on the notes in the Federal Court and thereafter became a party defendant to this action, and filed a motion to set aside the order appointing the receiver, or, in the alternative for an order on the receiver to pay its judgment. The motion was overruled in the Common Pleas and the Empire Trust Co. prosecuted error to this court. Held:

It was the duty of the receiver to pay the debts of the corporation according to their priority under the order of the court. In case the receiver fails to discharge his duties as such the proper remedy is, by motion, to remove him and have another appointed in his stead. The motion to set the appointment of the receiver was not well taken. The order overruling the motion is affirmed.

Attorneys—Maxwell & Ramsey, Jos. S. Graydon and Shotts & Millikin, for the Empire Trust Co.; E. H. & W. B. Turner, for Walburg; B. F. Harwitz for the Miami Co.

---

No. 742

STATE ex rel v. HERRICK et al

Ohio Appeals, Second District, Franklin County
Nos. 114, 115. Decided Aug. 1, 1923

326A. ROADS.

Contracts—Highway Director may change after bid is let, but questionable power—Work having been completed without complaint is should be paid for.

Epitomized Opinion

Action by citizens and tax payers against the Director of Highways and Public Works, other